498 P.2d 605

**The STATE of Arizona, Appellee,**

v.

**Haskin Carter LAUTZENHEISER,**
**Appellant.**

**No. I CA–CR 4I8.**

Court of Appeals of Arizona,
Division 1.

July 3, 1972.

Gary K. Nelson, Atty. Gen., by John Dickinson, Sp. Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by William C. Blakley, Deputy Public Defender, Phoenix, for appellant.

KRUCKER, Chief Judge.

Appellant, Haskin Carter Lautzenheiser, was informed against in Maricopa County action No. 64082 for possession of marijuana for sale and action No. 64587 for possession of dangerous drugs for sale, four counts (Codeine, Demerol, Pentobarbital and Tuinal), all felonies. The two causes were consolidated for trial, and a jury found the appellant guilty on all five counts. Judgment was duly entered and appellant sentenced to serve not less than five nor more than seven years on each charge, the sentences to run concurrently.

The pertinent facts indicate that Phoenix police obtained a valid warrant to search an apartment occupied by the appellant and his wife. Another man also occupied the premises and paid a portion of the rent. Upon arrival at the apartment, the officers knocked at the door whereupon it was opened by the appellant who was holding two loaded pistols. The officers entered and observed appellant's wife, the other occupant of the premises, and another person seated on a couch. An inspection of the premises disclosed the presence of the drugs alleged in the informations. One marijuana cigarette was in plain view.

The butt of another was found sticking out of the jaw of a human skull hung in one of the rooms. In the kitchen the police found a brown paper bag containing narcotics and narcotics paraphernalia. There was also a black satchel containing narcotics on a kitchen chair. There is some contradiction of testimony as to whether the chair was pushed under the kitchen table and covered by the tablecloth or whether it was "close to" the table and in plain view. Evidence on this point was disputed, however, and the jury found the defendant guilty of all charges.

Only one question is raised in the appeal —whether it was error to refuse to give the following instruction requested by appellant:

"Before you can find the defendant guilty of the charges against him the evidence must show specific facts from which you can reasonably infer that the defendant knew of the existence of marijuana, narcotics and dangerous drugs at the location where it was found."

The court did, however, instruct the jury as follows:

"Within the meaning of the law a person is in possession of a narcotic when it is under his dominion and control and to his knowledge either is carried on his person or is in his presence or custody, or if not on his person or in his presence the possession thereof is immediate and accessible to him."

The instruction complained of by appellant states:

". . . A person is in possession of codeine, Demerol, marijuana, Tuonol (sic) or pentobarbital if it was under his dominion and control and if he has knowledge of its presence and character."

In addition:

". . . your duty to determine the facts, and to determine them from the evidence produced in court."

We think the court adequately instructed the jury that it must determine the facts from the evidence and based upon the facts determine if defendant had dominion, control and knowledge of the narcotics in order to find him guilty of possession.

Since the matters dealt with in the refused instruction were adequately covered by the instructions given, the court's refusal was not error. State v. Michael, 103 Ariz. 46, 436 P.2d 595 (1968).

Affirmed.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.