NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO MADRID-FARFAN, | No.    13-73048 |
| Petitioner, | Agency No. A092-444-197 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 15, 2018
San Francisco, California

Before:  SCHROEDER, EBEL,** and GOULD, Circuit Judges.

Roberto Madrid-Farfan (Petitioner) seeks review of the Board of

Immigration Appeals' (BIA) holding that because of a 1999 conviction under

Arizona Revised Statutes (ARS) § 13-3408 he is removable and ineligible for

discretionary relief—including waiver of inadmissibility and adjustment of status.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Petitioner argues that ARS § 13-3408 is not a categorical controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i), and that the BIA erred in holding that he was ineligible for discretionary relief.[1] We hold that because ARS § 13-3408 is overbroad and indivisible with regard to drug type, Petitioner was not convicted of a categorical controlled substance offense. We grant the petition and remand for further proceedings consistent with our holding here.

The parties agree that ARS § 13-3408 is overbroad because it criminalizes substances that are not on the federal controlled substance lists. *See* 21 U.S.C. §§ 802(6), 812. But the parties dispute whether the statute is divisible by drug type. A statute is divisible if it sets out alternative elements of what are effectively separate crimes, rather than merely describing different "means" for accomplishing a single crime. *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038–39 (9th Cir. 2017) (en banc). ARS § 13-3408 is indivisible with regard to drug type if a jury could disagree about the type of drug a defendant possessed and still convict. *Descamps v. United States*, 570 U.S. 254, 272–73 (2013); *Lopez-Valencia v. Lynch*, 798 F.3d 863, 868–69 (9th Cir. 2015).

Arizona courts have upheld convictions even when the prosecution did not prove the specific drug type. *State v. Prescott*, No. 1 CA-CR 15-0188, 2016 Ariz.

---

[1] Petitioner does not challenge the holding that he is otherwise removable as an alien present without lawful status under 8 U.S.C. § 1227(a)(1)(B).

2

App. Unpub. LEXIS 179, at *3 (Feb. 16, 2016) (upholding conviction where it was proven that the defendant knowingly possessed a controlled substance, but not proven which substance that was); *State v. Castorina*, No. 1 CA-CR 08-0816, 2010 Ariz. App. Unpub. LEXIS 588, at *4 (June 17, 2010) ( "[I]t is sufficient for the state to show that defendant knew he possessed a narcotic or dangerous drug; neither our statutes nor case law require the state to prove that defendant knew which *particular* drug defined under our laws as a 'dangerous' drug or 'narcotic' drug he knew he possessed").[2]  The Arizona jury instructions do not require the jury to make a finding of fact regarding the specific substance possessed.  *See* Rev. Ariz. Jury Instructions (Criminal), 34.082 (3d ed.).  This is in contrast to the California jury instructions addressed in *Martinez-Lopez*, 864 F.3d at 1041, which required the jury to fill in a blank space with the specific type of drug.

The government points to cases where Arizona courts have upheld multiple convictions when a defendant possessed more than one type of drug.  *See, e.g.*, *State v. Lautzenheiser*, 498 P.2d 605, 605–06 (Ariz. Ct. App. 1972); *State v. Wright*, 370 P.3d 1122, 1122– 23 (Ariz. Ct. App.  2016); *State v. Tarango*, 895 P.2d 1009, 1010 (Ariz. Ct. App.  1994).  These examples are unpersuasive for two

---

[2] Respondent attempts to downplay the significance of these cases on grounds that they are unpublished.  But unpublished opinions are relevant to assessing whether a state crime is a categorical match.  *Nicanor-Romero v. Mukasey*, 523 F.3d 992, 1005 (9th Cir. 2008), *overruled on other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (en banc).

3

reasons. First, in none of these cases was the propriety of multiple convictions at issue and the court did not address the question at issue here—whether drug type is an element. Second, these cases may show that where the government proves that a defendant possessed more than one drug type, multiple convictions can be upheld. But that result is consistent with the government not having to prove the particular type of drug to sustain a conviction. If a court gains a separate conviction for each type of drug possessed, this may show that proof of multiple drug types is *sufficient* to sustain multiple convictions, but it does not resolve whether it is *necessary* for a jury to agree on a single drug type to convict. *See Moncrieffe v. Holder*, 569 U.S. 184, 190–92 (2013). *Prescott*, *Castorina*, and the Arizona model jury instructions show that a jury could convict without proof of drug type. Drug type is not a necessary element of conviction, and we hold that the statute is not divisible.[3]

**PETITION GRANTED and REMANDED.**

---

[3] The government claims that Petitioner did not exhaust his argument that ARS § 13-3408 is not divisible by drug type. To exhaust a claim a petitioner needs to raise an issue before the BIA to put it on notice; the petitioner need not make a specific argument. *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam). While Petitioner did not specifically contend that ARS § 13-3408 is indivisible by drug type, he did argue that ARS § 13-3408 was not a categorical match. That is enough for exhaustion. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008); *Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1173 n.1 (9th Cir. 2007).