**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JORGE ROMERO-MILLAN,
                    *Petitioner*,

v.

WILLIAM P. BARR, Attorney
General,
                    *Respondent.*

No. 16-73915

Agency No.
A077-138-666

ERNESTO HERNANDEZ
CABANILLAS,
                    *Petitioner*,

v.

WILLIAM P. BARR, Attorney
General,
                    *Respondent.*

No. 17-72893

Agency No.
A095-285-170

MARCO ANTONIO GARCIA-
PAZ, AKA Garcia Marco A,
AKA Garcia Marco Antonio,
AKA Marco Antonia Garcia,
AKA Marco Antonio Garcia,
                *Petitioner*,

        v.

WILLIAM P. BARR, Attorney
General,
                *Respondent.*

No. 18-71555

Agency No.
A034-063-749

ORDER CERTIFYING
QUESTIONS TO
ARIZONA SUPREME
COURT

Filed May 4, 2020

Before:  Richard R. Clifton, John B. Owens,
and Mark J. Bennett, Circuit Judges.

Order

# SUMMARY[*]

### Certified Questions to State Court / Immigration

The panel certified the following questions of state law to the Arizona Supreme Court:

1. Is Arizona's possession of drug paraphernalia statute, A.R.S. § 13-3415, divisible as to drug type?

2. Is Arizona's drug possession statute, A.R.S. § 13-3408, divisible as to drug type?

3. Put another way, is jury unanimity (or concurrence) required as to which drug or drugs listed in A.R.S. § 13-3401(6), (19), (20), or (23) was involved in an offense under either statute?

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

The issues for decision in these cases are whether Arizona's possession of drug paraphernalia statute (A.R.S. § 13-3415) and Arizona's drug possession statute (A.R.S. § 13-3408) are divisible as to drug type. Resolving these questions will determine the outcome of the pending cases. As such, we respectfully request that the Arizona Supreme Court determine whether, under Arizona law, A.R.S. § 13-3415 and § 13-3408 are divisible as to drug type.

## I.   Factual and Procedural Background

### A.   Romero-Millan

Jorge Romero-Millan, pursuant to a plea agreement, was convicted of possessing or using drug paraphernalia in violation of A.R.S. § 13-3415. Administrative Record (AR) 227–29. While serving his sentence, the Department of Homeland Security (DHS) served Romero-Millan with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without admission or parole, and § 1182(a)(2)(A)(i)(II), as an alien convicted of a controlled substance offense. AR 248–50. At the original removal hearing, Romero-Millan conceded both charges of removal, AR 70, but later withdrew his concession on the second charge of removability following the Supreme Court's decision in *Mellouli v. Lynch*, 575 U.S. 798 (2015). AR 78–81. This second charge, for removability as an alien convicted of a controlled substance offense, served as the basis for finding Romero-Millan statutorily ineligible for adjustment of status. AR 56, 250. If A.R.S. § 13-3415 is

divisible he will remain ineligible and the DHS will likely be permitted to permanently remove him from the United States.

### B.  *Hernandez Cabanillas and Garcia-Paz*

Ernesto Hernandez Cabanillas, a native and citizen of Mexico who has lawfully resided in the United States since 2004, was convicted pursuant to a plea agreement of possessing a narcotic drug for sale in violation of A.R.S. § 13-3408(A)(2).  AR 233–35; 262.  The DHS now seeks to remove him as a result of this crime.  Marco Antonio Garcia-Paz, a native and citizen of Mexico who has lawfully resided in the United States since 1973, was convicted of the same crime in 2014, and the DHS now seeks to remove him. AR 116, 1536–37. For both individuals, the question of the statute's divisibility is of great consequence. If it is divisible as to drug type, then the DHS is likely permitted to permanently remove them from the United States. If it is not divisible, the DHS is not so permitted.

## II.  Governing Federal Law

At issue in these cases is whether the two Arizona statutes are divisible as to drug type. We thus provide a brief background as to the relevant federal inquiry.

For an alien to be removed under 8 U.S.C. § 1182(a)(2)(A)(i)(II), the government must show that the alien's state law conviction is related to a controlled substance under federal law. In *Mellouli v. Lynch*, the Supreme Court clarified that to demonstrate that an offense is related to a controlled substance, "the Government must connect an element of the alien's conviction to a drug defined in [21 U.S.C. § 802]." 575 U.S. 798, 135 S. Ct. 1980, 1991

(2015) (internal quotation omitted). The Supreme Court has created a three-step process for determining whether this connection exists. *See Descamps v. United States*, 570 U.S. 254, 260–63 (2013)*; Taylor v. United States*, 495 U.S. 575, 602 (1990).

"At the first step, we employ 'the categorical approach, [in which] we examine only the statutory definition of the crime to determine whether the state statute of conviction renders an alien removable under the statute of removal, without looking to the actual conduct underlying the petitioner's offense.'" *Villavicencio v. Sessions*, 904 F.3d 658, 664 (9th Cir. 2018) (alteration in original) (quoting *Ragasa v. Holder*, 752 F.3d 1173, 1176 (9th Cir. 2014)). "[I]f the categorical approach reveals that the elements of the state . . . crime are broader than the elements of the federal offense, then the state crime is **not** a categorical match." *Id*.

If the statute is not a "categorical" match the court must move on to determine whether the statute is "divisible," namely whether it "sets out one or more elements of the offense in the alternative" as opposed to listing alternative methods of committing the crime. *Descamps*, 570 U.S. at 257; *see also Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). A state statute contains alternative "elements" and not merely alternative "means" if a jury has to "*unanimously* agree that [the defendant] committed a particular substantive offense contained within the disjunctively worded statute." *Rendon v. Holder*, 764 F.3d 1077, 1086 (9th Cir. 2014) (emphasis added). In order to determine whether a statute lays out alternative elements, "a court looks first to the statute itself and then to the case law interpreting it." *Sandoval v. Sessions*, 866 F.3d 986, 993 (9th Cir. 2017).

If the statute is not divisible, the analysis stops, as the alien's state law conviction cannot be found to be related to a controlled substance under federal law. However, if the statute is divisible, the court proceeds to the third step and applies the "modified categorical approach." Under this approach, courts may "consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Descamps*, 570 U.S. at 257. "These documents include 'the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information.'" *United States v. Marcia-Acosta*, 780 F.3d 1244, 1250 (9th Cir. 2015) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)). If, using the modified categorical approach, the court determines that the state law is related to a controlled substance under federal law, the alien is removable.

These cases turn on the second step of the analysis, namely whether A.R.S. § 13-3415 and § 13-3408 are divisible as to drug type.[1] This issue comes up rarely in state criminal cases because of how infrequently it is disputed. Ordinarily, there is evidence that the substance involved was a particular narcotic drug. While a defendant might dispute that the substance involved was a narcotic drug, the defendant is unlikely to claim that the substance was in fact a different

---

[1] There is no categorical match between the federal crime and the Arizona crimes because of a minor but critical difference in the types of drugs each statute prohibits. The Arizona statute lists benzylfentanyl and thenylfentanyl as prohibited narcotic drugs, A.R.S. § 13-3401(20)(n) & (mmmm), while the federal statute does not. *See* 21 U.S.C. § 812; 21 C.F.R. §§ 1308.11–15.

narcotic drug, and the jury will not be asked to decide which drug it was. Examples are rare in which the prosecutor claims a defendant possessed heroin, and the defendant counters by arguing that he instead possessed cocaine.

The question, therefore, is not a factual one—whether, in most cases, a jury will tend to agree on the underlying drug a defendant possessed—but a legal one—whether a jury must agree, as a matter of law, on what drug the defendant possessed. We find it difficult to determine the answers from existing Arizona case law.

## III.     Parties' Arguments

### A.   *A.R.S. § 13-3415*

Petitioner, Romero-Millan, argues that the specific drug underlying a violation of A.R.S. § 13-3415 is not an element of the crime, and therefore the statute is not divisible. He argues, among other things, that the plain language of the statute demonstrates that a jury need not agree on which drug was involved in the violation, but simply that "a drug" on the relevant list of drugs was involved. In doing so, petitioner points to cases such as *State v. Lodge*, No. 2 CA-CR 2014-0110, 2015 WL 164070, at *6 (Ariz. Ct. App. Jan. 14, 2015) (holding that a jury need not conclude which drug was involved but rather that "[a]ll that is required is that the state establish some use in violation of § 13-3415(A)"), and *State v. Prescott*, No. 1 CA-CR 15-0188, 2016 WL 611656, at *2 (Ariz. Ct. App. Feb. 16, 2016) (concluding that Arizona's possession of a dangerous drug statute, A.R.S. § 13-3407, is not divisible as to drug type).

The government argues that the specific drug underlying a violation of A.R.S. § 13-3415 is an element of the crime, and therefore that the statute is divisible. In making this argument, it points to, among other things, Arizona state law sentencing guidelines, A.R.S. § 13-901.01(A) & (H)(4), pattern jury instructions, and case law. *See, e.g.*, *State v. Martinez*, No. 2 CA-CR 2016-0039, 2017 WL 4403141 (Ariz. Ct. App. Oct. 3, 2017) (upholding a conviction for two counts of possession of drug paraphernalia for a single scale with remnants of two drugs found on it).

*B.   A.R.S. § 13-3408*

Petitioners, Cabanillas and Garcia-Paz, argue, among other things, that the text of the statute, as well as Arizona cases interpreting it and the pattern jury instructions, indicate that the jury need not agree which narcotic drug was present. *See, e.g.*, *Prescott*, No. 1 CA-CR 15-0188, 2016 WL 611656, at *1 ("[U]nder the language of [A.R.S. § 13-3407], the State is only required to prove a defendant knowingly sold and possessed a dangerous drug.")*; State v. Castorina*, No. 1 CA-CR 08-0816, 2010 WL 2450117, at *4 (Ariz. Ct. App. June 17, 2010) ("[I]t is sufficient for the state to show that defendant knew he possessed a narcotic or dangerous drug; neither our statutes nor case law require the state to prove that defendant knew which *particular* drug defined under our laws as a 'dangerous' drug or 'narcotic' drug he knew he possessed.").

The government contends, among other things, that Arizona appeals courts have permitted multiple convictions under A.R.S. § 13-3408 for possession of multiple narcotic drugs. *See, e.g.*, *State v. Padilla*, 176 Ariz. 81, 82, 85–86, 859 P.2d 191, 192, 196–96 (Ct. App. 1993); *State v.*

*Lautzenheiser*, 17 Ariz. App. 531, 531, 498 P.2d 605, 605 (Ct. App. 1972). Because of this, the government argues, each drug type must constitute a separate crime under A.R.S. § 13-3408.

## IV.    Certified Questions and Further Proceedings

To analyze the divisibility of a state statute, we look to authoritative sources of state law such as state court decisions and the wording of the statute in question. *See Mathis*, 136 S. Ct. at 2256. Taking this guidance, we certify the following questions to the Arizona Supreme Court:

1.   Is Arizona's possession of drug paraphernalia statute, A.R.S. § 13-3415, divisible as to drug type?

2.   Is Arizona's drug possession statute, A.R.S. § 13-3408, divisible as to drug type?

3.   Put another way, is jury unanimity (or concurrence) required as to which drug or drugs listed in A.R.S. § 13-3401(6), (19), (20), or (23) was involved in an offense under either statute?

We respectfully ask the Arizona Supreme Court to exercise its discretionary authority to accept certification under A.R.S. § 12-1861. "Our phrasing of the questions should not restrict the Court's consideration of the issues involved. We acknowledge that the Court may reformulate the relevant state law questions as it perceives them to be, in light of the contentions of the parties." *Raynor v. United of Omaha Life Ins. Co.*, 858 F.3d 1268, 1273 (9th Cir. 2017) (internal quotation and alterations omitted) (quoting *Toner ex.*

*rel. Toner v. Lederle Labs.*, 779 F.2d 1429, 1433 (9th Cir. 1986)).

We acknowledge that this inquiry in the context of immigration cases like these is mostly a federal concern, as it is a product of federal law and impacts cases in federal court. Nonetheless, we recognize that Arizona has an interest in this question because of the potential impact on state cases. For example, if A.R.S. § 13-3408 is divisible as to drug type, and thus is a predicate offense for immigration removal purposes, this requires the state to prove, in every case, what drug type a defendant possessed, and might necessitate a different result in *Castorina* and *Prescott*, the intermediate appeals court cases that held the state was not required to prove which drug type a defendant knowingly possessed. *See Prescott*, No. 1 CA-CR 15-0188, 2016 WL 611656, at *1; *Castorina*, No. 1 CA-CR 08-0816, 2010 WL 2450117, at *4.

We agree to abide by the decision of the Arizona Supreme Court. *See Doyle v. City of Medford*, 565 F.3d 536, 544 (9th Cir. 2009). If the court decides not to accept certification, we will resolve these questions following our best understanding of Arizona law.

The Clerk will file a certified copy of this order with the Arizona Supreme Court pursuant to Arizona Supreme Court Rule 27. This appeal is withdrawn from submission and will be resubmitted following the conclusion of proceedings in the Arizona Supreme Court. The Clerk is directed to administratively close this docket, pending further order. We retain jurisdiction over any further proceedings in this court. The parties will notify the Clerk within one week after the Arizona Supreme Court accepts or rejects certification and again within one week after that court renders an Opinion.

## V.  COUNSEL

Counsel for Petitioner Jorge Romero-Millan in Case No. 16-73915:

> Gabriel Gomez Leyba
> Crossroads Law Group, LLC
> 3200 N. Central Avenue, Suite 2475
> Phoenix, AZ  85012
> Phone: 602-377-9292

Counsel for Respondent William P. Barr, Attorney General, in Case No. 16-73915:

> Emily Anne Radford
> Nehal H. Kamani
> Imran Raza Zaidi
> U.S. Department of Justice
> Civil Division
> Office of Immigration Litigation
> P.O. Box 878, Ben Franklin Station
> Washington, D.C.  20044
> Phone: 202-305-4241

Counsel for Petitioner Ernesto Hernandez Cabanillas in Case No. 17-72893:

> Roberta Ann Wilson
> Law Offices of Monica Sud-Devaraj, PLLC
> 141 E. Palm Lane, Suite 100
> Phoenix, AZ  85004
> Phone: 602-234-0782

Counsel for Respondent William P. Barr, Attorney General, in Case No. 17-72893:

Emily Anne Radford
David J. Schor
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: 202-305-7190

Counsel for Petitioner Marco Antonio Garcia-Paz in Case No. 18-71555:

Matthew Harrison Green
Green Evans-Schroeder
130 W. Cushing Street
Tucson, AZ 85701
Phone: 520-882-8852

Counsel for Respondent William P. Barr, Attorney General, in Case No. 18-71555:

Joseph H. Hunt
Jeffrey R. Leist
Raya Jarawan
Imran Raza Zaidi
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: 202-305-4241

**IT IS SO ORDERED.**


       /s/Richard R. Clifton
Richard R. Clifton, Circuit Judge