# Matter of Jorge GONZALEZ LEMUS, Respondent

*Decided September 25, 2019*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  Because the identity of the drug involved is an element of the crime of possession of a controlled substance under section 124.401(5) of the Iowa Code, the statute is divisible (in the case of marijuana, methamphetamine, or amphetamine) as to the specific drug involved, and the record of conviction can be examined under the modified categorical approach to determine whether that drug is a controlled substance under Federal law.

(2) The respondent's conviction for possession of methamphetamine in violation of section 124.401(5) of the Iowa Code is a violation of a law relating to a controlled substance under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2012).

FOR RESPONDENT:  Gail E. Bolivar, Esquire, Marshalltown, Iowa

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Heather E. Caylor, Assistant Chief Counsel

BEFORE:  Board Panel:  GUENDELSBERGER, GRANT, and KENDALL CLARK, Board Members.

GRANT, Board Member:

In a decision dated December 3, 2018, an Immigration Judge found the respondent removable under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2012), as an alien convicted of a controlled substance violation.[1]  The respondent has appealed from that decision.  The appeal will be dismissed.

The respondent is a native and citizen of Mexico whose status was adjusted to that of a lawful permanent resident on April 29, 2009.  The charge of removability is based on two convictions for possession of a controlled substance in violation of section 124.401(5) of the Iowa Code.  He was convicted on May 16, 2016, of possession of methamphetamine and on June 24, 2016, of possession of marijuana.

---

[1]   The record reflects that the respondent was also charged with removability under section 237(a)(2)(B)(ii) of the Act, as "an alien who is, or at any time after admission has been, a drug abuser or addict."  The Immigration Judge made no finding in regard to that charge.

The only issue on appeal is whether a conviction under section 124.401(5) of the Iowa Code is a "violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))" within the meaning of section 237(a)(2)(B)(i) of the Act.[2] Since the respondent made no application for relief from removal, the question relates only to whether he is removable.

To determine whether the respondent's conviction renders him removable under section 237(a)(2)(B)(i), we apply the categorical approach. *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1986–88 (2015). Under this approach, "the Government must connect an element of the alien's conviction to a drug 'defined in [§ 802].'" *Id.* at 1991 (alteration in original) (citation omitted). If the State crime is not a categorical match but the statute is divisible—that is, comprised of "multiple alternative elements"—we may look to the relevant conviction records under a "modified categorical approach" to determine "what crime, with what elements, [the respondent] was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (citation omitted).

The Iowa controlled substance statute includes at least one substance that is not on the Federal schedules of controlled substances. The respondent's removability therefore depends on whether the identity of the controlled substance is an "element" of section 124.401(5) of the Iowa Code. If it is, the State statute is divisible. If, instead, the identity of the controlled substance is a "brute fact" or a means by which a crime may be committed, then the statute is not divisible and is overbroad. *Matter of Chairez*, 26 I&N Dec. 819, 822 (BIA 2016) (clarifying that a statute is not "divisible unless each statutory alternative defines an independent 'element' of the offense, as opposed to a mere 'brute fact' describing various means" of violating the statute (quoting *Mathis*, 136 S. Ct. at 2248)).

The Immigration Judge found that the identity of the controlled substance is an element of section 124.401(5) and, therefore, that the statute is divisible and the modified categorical approach could be applied. The respondent challenges this determination on appeal. Upon de novo review of this legal question, we agree with the Immigration Judge that the identity of the controlled substance is an element of the crime under section 124.401(5).

At the time of the respondent's conviction, section 124.401(5) of the Iowa Code provided, in relevant part:

> It is unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly from, or pursuant to, a valid

---

[2] A "controlled substance" is defined in 21 U.S.C. § 802(6) (2012) as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." The schedules of controlled substances are at 21 U.S.C. § 812 (2012).

> prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a serious misdemeanor for a first offense. . . .
>
> *If the controlled substance is marijuana*, the punishment shall be by imprisonment in the county jail for not more than six months or by a fine of not more than one thousand dollars, or by both such fine and imprisonment for a first offense. . . .
>
> . . . .
>
> *If the controlled substance is amphetamine*, its salts, isomers, or salts of its isomers, *or methamphetamine*, its salts, isomers, or salts of its isomers, the court shall order the person to serve a term of imprisonment of not less than forty-eight hours.[3]

(Emphases added.) Thus, the statute prescribes distinct punishments for drug possession offenses, depending on the identity of the specific controlled substance involved, that is, whether it is marijuana, methamphetamine, amphetamine, or some other controlled substance. *See State v. Brisco*, 816 N.W.2d 415, 419 (Iowa Ct. App. 2012) (acknowledging that different penalties are associated with delivery offenses involving marijuana and cocaine).

The United States Court of Appeals for the Eighth Circuit, in whose jurisdiction this case arises, has stated that "*different* penalties for different statutory alternatives are an indication that the alternatives are elements." *Martinez v. Sessions*, 893 F.3d 1067, 1071 (8th Cir. 2018); *see also Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then . . . they must be elements."). In *Martinez*, as here, the State controlled substance statute at issue encompassed drugs that are not listed in the Federal schedules. To resolve the "dispute over means versus elements," the court examined the statutory text, the relevant jury instructions, and State court decisions. *Id.* After reviewing relevant State court decisions and finding that they "provide the best answer," the court held that "the identity of a controlled substance [was] an element of the offense." *Id.* It therefore found the statute to be "divisible based on the drug involved" and upheld our determination under the modified categorical approach that the underlying substance was listed in the Federal drug schedules. *Id.* at 1073.

The respondent argues that if the specific reference to marijuana renders the statute divisible, then the statute is divisible only to the binary question whether the controlled substance was marijuana or not. However, as noted above, the statute also includes specific references to methamphetamine and amphetamine.

Furthermore, Iowa has prosecuted as separate offenses a single act involving the distribution and/or delivery of multiple controlled substances.

---

[3] Section 124.401 of the Iowa Code has since been revised, but the relevant portions of the statute remain the same.

In *State v. Birkestrand*, 239 N.W.2d 353, 364 (Iowa 1976), the Supreme Court of Iowa rejected the defendant's claim that he was subjected to double punishment because the charges against him—possession of marijuana with intent to deliver and possession of LSD with intent to deliver (which was reduced to simple possession)—both arose out of same factual situation. The court noted that "when a requisite *element* of one offense is not necessarily essential to a conviction for another, no double punishment attends judgment on both unless one is an included offense in the other." *Id.* (emphasis added). Finding that LSD possession was not included in the marijuana offense because "two different controlled substances [were] involved," the court concluded that "[i]t is . . . self-evident the *elements* of proof required as to" LSD possession "are not the same as those essential to a conviction" for possession with intent to deliver marijuana. *Id.* (emphasis added); *see also State v. McManus*, 871 N.W.2d 522 (Iowa Ct. App. 2015) (table) (stating that the defendant was charged with two offenses of possession of a controlled substance for marijuana and methamphetamine); *State v. Eubanks*, 851 N.W.2d 854 (Iowa Ct. App. 2014) (table) (affirming the defendant's convictions for two counts of possession of a controlled substance—crack cocaine and marijuana). *State v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981), on which the respondent relies, is not persuasive because it involved the burglary of a boat and a marina and therefore has limited application to his criminal case.

The respondent also asserts that the Iowa Model Criminal Jury Instruction shows that the State is not required to prove the identity of a controlled substance. Nevertheless, as discussed above, the Iowa courts have considered the identity of the controlled substance to be a required element of the offense and have treated possession of different types of controlled substances as separate offenses. Furthermore, Iowa case law establishes that juries have been instructed that the State is required to prove the identity of a controlled substance during the course of criminal proceedings. *See, e.g.*, *State v. West*, 924 N.W.2d 873 (Iowa Ct. App. 2018) (table) (stating that the jury was instructed that "the State would have to prove the following elements of delivery of a controlled substance: . . . The defendant knew that the substance delivered was heroin"), *aff'd*, 924 N.W.2d 502 (Iowa 2019); *State v. Milder*, 868 N.W.2d 201 (Iowa Ct. App. 2015) (table) (same, with regard to possession of methamphetamine). Consequently, in accord with the Iowa court decisions, we conclude that the identity of the controlled substance is an element of the crime under section 124.401(5). *See Martinez*, 893 F.3d at 1073 (finding that the State court decisions showed that the identity of the drug was an element of the offense).

We are also unpersuaded by the respondent's reasoning that the identity of the controlled substance is not an element of the Iowa statute because the

Immigration Judge was unable to determine the specific controlled substance involved from the judgment entered in his June 24, 2016, conviction. Only a limited number of documents were introduced into evidence regarding that conviction, and the Immigration Judge could not identify the drug involved from those documents. However, this in no way refutes the fact that the identity of the controlled substance is an element of section 124.401(5) of the Iowa Code as a matter of law. In any case, since the Immigration Judge found that the respondent's May 16, 2016, conviction involved methamphetamine and was therefore a controlled substance violation within the meaning of the Act, an additional finding to support the charge of removabililty was not necessary.

Finally, the respondent argues that his due process rights were violated because he was not advised of the immigration consequences of his guilty plea, and he claims he is seeking post-conviction relief on that basis. However, since he has introduced no evidence that such relief has been granted by the State court, he remains convicted for purposes of removability under the Act. *See Matter of J.M. Acosta*, 27 I&N Dec. 420, 432 (BIA 2018).

For the above reasons, we agree with the Immigration Judge that section 124.401(5) of the Iowa Code is divisible (in the case of marijuana, methamphetamine, or amphetamine) as to the specific drug involved, and we uphold his application of the modified categorical approach to determine that the drug was methamphetamine, which is a controlled substance under Federal law. Therefore, we conclude that the respondent is removable under section 237(a)(2)(B)(i) of the Act as an alien who was convicted of a controlled substance violation. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.