# Matter of P-B-B-, Respondent

*Decided July 23, 2020*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

   Section 13-3407 of the Arizona Revised Statutes, which criminalizes possession of a dangerous drug, is divisible with regard to the specific "dangerous drug" involved in a violation of that statute.

FOR RESPONDENT:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Hoyt Hoyt, Assistant Chief Counsel

BEFORE:  Board Panel:  GREER and O'CONNOR, Appellate Immigration Judges; SWANWICK, Temporary Appellate Immigration Judge.

O'CONNOR, Appellate Immigration Judge:

   In a decision dated May 17, 2019, an Immigration Judge found that the respondent was removable and ineligible for asylum, withholding of removal, and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988) ("Convention Against Torture"), and ordered him removed from the United States.  The respondent has appealed from this decision.  The appeal will be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

   The respondent is a native and citizen of Jamaica who was admitted to the United States as a lawful permanent resident.  On May 17, 2006, he was convicted of burglary in violation of Arizona law.  The Department of Homeland Security ("DHS") placed the respondent in removal proceedings and charged him with removability under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2018), as an alien convicted of an aggravated felony theft or burglary offense under section 101(a)(43)(G) of the Act, 8 U.S.C. § 1101(a)(43)(G) (2018).  An Immigration Judge terminated the removal proceedings on January 15, 2010,

holding that the respondent established status as a United States citizen. The DHS filed an appeal, which we sustained on August 31, 2012. We reinstated the respondent's removal proceedings, concluding that the Immigration Judge's determination regarding the respondent's citizenship was not supported by the record.

Following remand, the respondent was convicted on May 26, 2015, of attempted possession of a dangerous drug for sale and possession of a narcotic drug for sale, in violation of sections 13-3407 and 13-3408 of the Arizona Revised Statutes, respectively. Based on this conviction, the DHS lodged charges of removability against the respondent under (1) section 237(a)(2)(A)(ii) of the Act, as an alien convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, (2) section 237(a)(2)(A)(iii) of the Act, as an alien convicted of an aggravated felony illicit trafficking offense under section 101(a)(43)(B) of the Act and of an attempt or a conspiracy to commit such a crime under sections 101(a)(43)(B) and (U) of the Act, and (3) section 237(a)(2)(B)(i) of the Act, as an alien convicted of a controlled substance violation. The DHS also withdrew the aggravated felony theft charge.

On July 12, 2018, an Immigration Judge found that alienage was established and sustained the lodged charges under sections 101(a)(43)(B) and 237(a)(2)(A)(iii) of the Act, and under section 237(a)(2)(B)(i).[1] He also found that the respondent's drug convictions were for per se particularly serious crimes that rendered him statutorily ineligible for asylum and withholding of removal under the Act and the Convention Against Torture. Additionally, he denied the respondent's application for deferral of removal under the Convention Against Torture. The respondent appealed from that decision.

On January 4, 2019, we dismissed the respondent's appeal, in part, after concluding that he had not rebutted the presumption of alienage. However, we remanded the record for further consideration of the respondent's removability in light of *Lorenzo v. Sessions*, 902 F.3d 930, 933 (9th Cir. 2018).[2] On remand, the Immigration Judge again sustained the charges

---

[1]  The Immigration Judge did not make a determination regarding the charge under section 237(a)(2)(A)(ii) of the Act and the aggravated felony attempt charge under section 237(a)(2)(A)(iii), as defined in sections 101(a)(43)(B) and (U), and we will not address them on appeal. In any event, because the respondent does not argue that attempt under Arizona law is categorically broader than the Federal generic definition of attempt in section 101(a)(43)(U) of the Act, we consider any issues in this regard to be waived. *See, e.g.*, *Matter of K-S-E-*, 27 I&N Dec. 818, 818 n.1 (BIA 2020).

[2]  After we issued our decision, the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, withdrew its opinion in *Lorenzo* on denial of

under sections 237(a)(2)(A)(iii) and (B)(i) of the Act, found that the respondent was ineligible for relief and protection from removal, and ordered him removed.

On appeal from this decision, the respondent argues that his conviction for attempted possession of a dangerous drug for sale under section 13-3407 of the Arizona Revised Statutes is not for either a controlled substance violation under section 237(a)(2)(B)(i) of the Act or an aggravated felony illicit trafficking offense under sections 237(a)(2)(A)(iii) and 101(a)(43)(B) of the Act.[3] Whether the respondent's State conviction renders him removable is a question of law, which we review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2020).

## II. ANALYSIS

### A. Removability

Section 237(a)(2)(B)(i) of the Act renders an alien removable if he or she has been convicted of a "violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." The term "aggravated felony" at section 237(a)(2)(A)(iii) of the Act encompasses "illicit trafficking in a controlled substance (as defined in section 102 of the Controlled Substances Act), including a drug trafficking crime (as defined in section 924(c) of title 18, United States Code)." Section 101(a)(43)(B) of the Act.

To determine whether the respondent's conviction under section 13-3407 of the Arizona Revised Statutes renders him removable under either section 237(a)(2)(A)(iii) or (B)(i) of the Act, we employ the "categorical approach" to determine whether the elements of his State offense match those of the "generic" Federal definitions set forth in those provisions. *See Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). An "element" of a statute is a "fact[]" that must be "'necessarily' involved" in an offense such that the prosecution must prove it to sustain a conviction. *Id.* (citation omitted); *see also Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). To fall within the generic definitions set forth at either section 237(a)(2)(A)(iii) or (B)(i) of the Act, the

---

rehearing, *Lorenzo v. Whitaker*, 913 F.3d 930 (9th Cir. 2019), and issued a superseding unpublished decision in that case, 752 F. App'x 482 (9th Cir. 2019).

[3] In light of our disposition, we need not address whether the respondent's conviction for possession of a narcotic drug under section 13-3408 renders him removable as charged. The respondent has also presented the same citizenship arguments he raised before, in support of which he resubmits evidence that we previously determined to be insufficient to rebut the presumption of alienage in this case. We see no reason to disturb our prior conclusion in this regard and will not address the issue of alienage further.

respondent's conviction must have necessarily involved, as an element, a substance listed under the Federal controlled substances schedules. *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1991 (2015); *Matter of L-G-H-*, 26 I&N Dec. 365, 368 (BIA 2014).

Section 13-3407 proscribes the commission of a number of offenses involving "a dangerous drug." Ariz. Rev. Stat. Ann. § 13-3407 (2015).[4] It is undisputed that "Arizona's definition of 'dangerous drug' is categorically broader than the federal definition of 'controlled substance.'" *Alvarado v. Holder*, 759 F.3d 1121, 1130 (9th Cir. 2014) (comparing the State's definition of a "dangerous drug" in section 13-3401(6) of the Arizona Revised Statutes with the definition of a "controlled substance" under Federal law and concluding that section 13-3407 is overbroad relative to section 237(a)(2)(B)(i) because State law punishes the possession of substances not controlled by Federal law).

Therefore, the respondent's removability depends on whether the identity of the controlled substance underlying a violation of section 13-3407 is an "element" of that statute. *See Matter of Gonzalez Lemus*, 27 I&N Dec. 612, 613 (BIA 2019). "If it is, the State statute is divisible," and a further "modified categorical" inquiry would be appropriate to identify which particular substance was involved in the respondent's offense.[5] *Id.* "If,

---

[4] Specifically, section 13-3407(A) of the Arizona Revised Statutes provides, in relevant part:

> A person shall not knowingly:
> 1. Possess or use a dangerous drug.
> 2. Possess a dangerous drug for sale.
> 3. Possess equipment or chemicals, or both, for the purpose of manufacturing a dangerous drug.
> 4. Manufacture a dangerous drug.
> 5. Administer a dangerous drug to another person.
> 6. Obtain or procure the administration of a dangerous drug by fraud, deceit, misrepresentation or subterfuge.
> 7. Transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a dangerous drug.

[5] We recognize that the Ninth Circuit, in whose jurisdiction this case arises, utilized a modified categorical inquiry in *Alvarado*, 759 F.3d at 1130–33, to discern whether an alien's conviction under section 13-3407 involved a federally controlled substance and was therefore a predicate for removal under section 237(a)(2)(B)(i) of the Act. However, the Ninth Circuit did not expressly analyze the divisibility of section 13-3407 in that decision, nor did the court have the benefit of the Supreme Court's articulation of divisibility in *Mathis*. Moreover, the circuit recently certified a similar issue to the Arizona Supreme Court. *See Romero-Millan v. Barr*, 958 F.3d 844, 849 (9th Cir. 2020) (asking the court to resolve whether Arizona statutes proscribing possession of drug paraphernalia and

instead, the identity of the controlled substance is a [mere] means by which a crime may be committed, then the statute is not divisible and is overbroad." *Id.*; *see also Mathis*, 136 S. Ct. at 2248.

The plain language of section 13-3407 is instructive to the extent that it metes out different punishments, depending on the substance involved in a violation. *See Myers v. Sessions*, 904 F.3d 1101, 1107 (9th Cir. 2018) ("Statutory alternatives that carry different punishments are elements." (citing *Mathis*, 136 S. Ct. at 2256)). More precisely, the respondent's State statute of conviction provides harsher sentences for offenses involving lysergic acid diethylamide, methamphetamine, amphetamine, phencyclidine, flunitrazepam, gamma hydroxy butrate, and ketamine hydrochloride. *See* Ariz. Rev. Stat. Ann. § 13-3407(B)(1), (3), (E)–(G). Since the statute sets forth "statutory alternatives carry[ing] different punishments," depending on whether a violation involved those substances, these alternatives "must be elements." *Mathis*, 136 S. Ct. at 2256; *see also Matter of Gonzalez Lemus*, 27 I&N Dec. at 614 (holding that a State statute providing "distinct punishments for drug possession offenses, depending on the identity of the specific controlled substance involved," indicated that the identity of the drug was an element of the statute). We therefore hold that section 13-3407 is divisible as to the "dangerous drug" involved in a violation of that statute.

We find support for our holding in State case law. *See State v. Tavasci*, No. 1 CA-CR 07-0643, 2008 WL 2315690, at *2 (Ariz. Ct. App. June 3, 2008).[6] In that case, the Arizona Court of Appeals upheld a defendant's conviction for *multiple* counts of possession of a dangerous drug under section 13-3407 where he possessed methamphetamine *and* other dangerous drugs—namely, clonazepam and diazepam. This case is significant because, if the identities of the specific substances underlying the defendant's offense

---

possession of a narcotic drug under sections 13-3415 and 13-3408 of the Arizona Revised Statutes, respectively, are divisible with respect to the identity of the drug involved in each offense). For these reasons, we do not consider *Alvarado* to be persuasive authority regarding the divisibility of section 13-3407, which, in light of *Romero-Millan*, we view as an unsettled issue in the Ninth Circuit.

[6] We acknowledge that *State v. Prescott*, No. 1 CA-CR 15-0188, 2016 WL 611656, at *2 (Ariz. Ct. App. Feb. 16, 2016), and *State v. Castorina*, No. 1 CA-CR 08-0816, 2010 WL 2450117, at *4 (Ariz. Ct. App. June 17, 2010), suggest that the identity of the "dangerous drug" involved in a violation of section 13-3407 is *not* an element of the statute. However, the United States District Court for the District of Arizona recently reviewed both cases, found that their reasoning was flawed, and concluded that Arizona case law fails to provide a "clear answer[] as to the divisibility" of section 13-3407. *United States v. Sanchez-Murillo*, No. CR-19-00795-PHX-SPL, 2019 WL 3858606, at *2–3 (D. Ariz. Aug. 16, 2019) (alteration in original) (citation omitted). Accordingly, we are not persuaded that *Prescott* or *Castorina* "definitively answer[s] whether the dangerous drug requirement of [section] 13-3407[] is divisible." *Gonzalez-Dominguez v. Sessions*, 743 F. App'x 808, 811 (9th Cir. 2018).

in *Tavasci* were not alternative "elements" of section 13-3407, the fact that he possessed several different "dangerous drugs" would have been legally irrelevant, and the court's decision to sustain multiple counts of possession of a dangerous drug would have violated the constitutional prohibition against double jeopardy.

"The Double Jeopardy Clause, applied to the States through the Fourteenth Amendment, provides that no person may be tried more than once 'for the same offence.'" *Currier v. Virginia*, 138 S. Ct. 2144, 2149 (2018). To determine whether a person has been either impermissibly tried for the same offense, or permissibly tried for and convicted of different offenses, we consider whether each offense "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). As noted, an "element" of an offense is simply a "fact" that must be proved to establish a conviction. *Moncrieffe*, 569 U.S. at 190; *see also Mathis*, 136 S. Ct. at 2248. So offenses are considered separate and distinct for purposes of double jeopardy if they involve distinct "*elements*." *Currier*, 138 S. Ct. at 2153.

In light of the prohibition against double jeopardy, we previously found that where a State has "prosecuted as separate offenses a *single* act involving . . . *multiple* controlled substances," as Arizona did in *Tavasci*, "the *elements* of proof required as to" an offense involving one drug "are not the same as those essential" to proving an offense involving a different drug. *Matter of Gonzalez Lemus*, 27 I&N Dec. at 614–15 (first and second emphases added) (internal quotation marks omitted) (citation omitted). Consequently, since *Tavasci* indicates that an individual may be subject to multiple convictions under section 13-3407 for a single act involving multiple "dangerous drugs," that case is persuasive evidence that the statute is divisible as to the identity of the "dangerous drug" underlying a violation.

The United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this arises, has concluded that the prohibition against double jeopardy is relevant to discerning whether the identity of a controlled substance is an element of a State drug statute. *See United States v. Martinez-Lopez*, 864 F.3d 1034 (9th Cir. 2017) (en banc). The issue in that case was whether the identity of the substance was an "element" of transportation of a controlled substance under section 11352 of the California Health and Safety Code. After examining multiple State Supreme Court cases reflecting that "defendants are routinely subjected to multiple convictions under a single statute for a single act as it relates to multiple controlled substances," the court determined that the "the possession of one [substance] is not essential to the possession of another [substance]." *Id.* at 1040 (alterations in original) (citations omitted). It therefore concluded that "section 11352 creates separates crimes, each containing 'an *element* not

contained in the other,'" and thus "is divisible with regard to its controlled substance requirement." *Id.* at 1040–41 (citations omitted).[7]

Even if the plain language of section 13-3407 and Arizona case law do not "provide clear answers" as to the statute's divisibility, we may "peek" at the respondent's record of conviction "for 'the sole and limited purpose of determining whether [the dangerous drugs listed in section 13-3407 are] element[s] of the offense.'" *Mathis*, 136 S. Ct. at 2256–57 (second alteration in original) (citation omitted). The respondent's indictment charged him with violating section 13-3407 for "knowingly . . . possess[ing] for sale Methamphetamine, a dangerous drug."[8] Because this charging document "referenc[es] one alternative [dangerous drug] to the exclusion of all others,"

---

[7] In a more recent unpublished decision, the Ninth Circuit stated that if "a court gains a separate conviction for each type of drug possessed, this may show that proof of multiple drug types is *sufficient* to sustain multiple convictions, but it does not resolve whether it is *necessary* for a jury to agree on a single drug type to convict." *Madrid-Farfan v. Sessions*, 729 F. App'x 621, 622 (9th Cir. 2018). However, based on the Ninth Circuit's holding in its en banc precedential decision in *Martinez-Lopez*, we conclude that double jeopardy considerations are relevant to our analysis.

The Third, Sixth, Eighth, and Eleventh Circuits have taken the same approach as *Martinez-Lopez*. *See Gordon v. U.S. Att'y Gen.*, 962 F.3d 1344, 1349 (11th Cir. 2020) (concluding that the identity of the substance possessed is an element of the crime of possession with intent to distribute under Georgia law because the State Supreme Court has held that the State "could charge and convict a defendant in separate counts for simultaneous possession of three different . . . controlled substances"); *Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1182 (11th Cir. 2018) (concluding same with regard to a Florida possession statute based on a State Supreme Court decision holding that a defendant could be convicted of possessing two different drugs under the statute since "possession of [these] two separate drug substances . . . constitutes . . . separate violation[s] of law" (citation omitted)); *Martinez v. Sessions*, 893 F.3d 1067, 1071 (8th Cir. 2018) (holding that Missouri case law demonstrates that "the identity of a controlled substance is an element" of possessing a controlled substance because State courts have held that "two convictions [under the State possession statute] involving different drugs . . . did not violate double jeopardy"), *cert. denied sub nom. Bueno-Muela v. Whitaker*, 139 S. Ct. 1198 (2019); *United States v. Henderson*, 841 F.3d 623, 629 (3d Cir. 2016) (reaching the same conclusion where Pennsylvania case law upheld consecutive sentences for delivery of two different controlled substances since "[e]ach offense includes an element distinctive of the other, *i.e.*, *the particular controlled substance*" (quoting *Commonwealth v. Swavely*, 554 A.2d 946, 949 (Pa. Super. Ct. 1989))); *see also Raja v. Sessions*, 900 F.3d 823, 829 (6th Cir. 2018) (agreeing with the Third Circuit in *Henderson* because "*Swavely* upheld consecutive sentences for the delivery of two different controlled substances in a single vial under the . . . Double Jeopardy Clause"). *But see Harbin v. Sessions*, 860 F.3d 58, 66 (2d Cir. 2017) ("[T]he values of fair notice and avoidance of double jeopardy often demand that the government specify accusations in ways unrelated to a crime's elements.").

[8] We may take administrative notice of official documents, including "the contents of [an alien's] record of conviction." *Matter of Tavdidishvili*, 27 I&N Dec. 142, 142 n.1 (BIA 2017) (citing 8 C.F.R. § 1003.1(d)(3)(iv)).

we conclude that the alternative "dangerous drugs" listed in section 13-3407 are alternative "elements, each one of which goes toward a separate crime." *Id.* at 2257. We are therefore permitted to examine the respondent's record of conviction under a modified categorical analysis. *See Matter of Gonzalez Lemus*, 27 I&N Dec. at 614.

The indictment in this case reflects that the respondent was charged with violating section 13-3407 of the Arizona Revised Statutes because he possessed for sale methamphetamine, a federally controlled substance under 21 U.S.C. § 812, schedule III(a)(3) (2018). His conviction therefore renders him removable as charged under section 237(a)(2)(B)(i) of the Act. And since his conviction necessarily involved "'the unlawful trading or dealing' in a controlled substance as defined by Federal law," it falls within the generic definition of an aggravated felony illicit trafficking offense under sections 237(a)(2)(A)(iii) and 101(a)(43)(B) of the Act. *Matter of L-G-H-*, 26 I&N Dec. at 368 (citation omitted).

We therefore conclude that the respondent's conviction for attempted possession of a dangerous drug under section 13-3407 of the Arizona Revised Statutes is for an aggravated felony and a controlled substance violation under sections 237(a)(2)(A)(iii) and (B)(i) of the Act, respectively. In light of this disposition, we need not address the other charges of removability in this case.

## B. Relief and Protection From Removal

The Immigration Judge concluded that the respondent was statutorily ineligible for asylum and for withholding of removal under the Act and the Convention Against Torture because he was convicted of an aggravated felony for which the aggregate term of imprisonment exceeded 5 years. *See* sections 208(b)(2)(A)(ii), (B)(i), 241(b)(3)(B)(ii) of the Act, 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i), 1231(b)(3)(B)(ii) (2018); 8 C.F.R. § 1208.16(d)(2) (2020). The respondent was sentenced to 7½ years in prison for his violation of section 13-3407, and this sentence ran concurrently with his sentence for possession of a narcotic drug under section 13-3408 of the Arizona Revised Statutes. *See Matter of Aldabesheh*, 22 I&N Dec. 983, 989 (BIA 1999) (en banc) (holding that "where an alien has received concurrent sentences to imprisonment, the alien's 'aggregate term of imprisonment' pursuant to section 241(b)(3) of the Act is equal to the length of the alien's longest concurrent sentence").

Based on the foregoing analysis, we will uphold the Immigration Judge's conclusion that the respondent has been convicted of a per se particularly serious crime that bars him from applying for asylum and withholding of removal. The respondent has not meaningfully challenged the Immigration

Judge's decision to deny his application for deferral of removal under the Convention Against Torture, so that matter is not before us. *See Matter of K-S-E-*, 27 I&N Dec. at 818 n.1. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $813 for each day the respondent is in violation. *See* Section 274D of the Act, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2020).