# Matter of Mikhail Petrovich DIKHTYAR, Respondent

*Decided January 22, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Section 58-37-8(2)(a)(i) of the Utah Code, which criminalizes possession or use of a controlled substance, is divisible with respect to the identity of the specific "controlled substance" involved in a violation of that statute.

FOR RESPONDENT: Tilman D. Jacobs, Esquire, Westminster, Colorado

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sunika Pawar, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER and PETTY, Appellate Immigration Judges; MORRIS, Temporary Appellate Immigration Judge.

HUNSUCKER, Appellate Immigration Judge:

In a decision dated January 16, 2020, an Immigration Judge terminated the removal proceedings against the respondent. The Department of Homeland Security ("DHS") has appealed from that decision. The respondent opposes the appeal.[1] The appeal will be sustained, the removal proceedings will be reinstated, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a lawful permanent resident of the United States.[2] On April 12, 2019, he was convicted of possession of a controlled substance in violation of section 58-37-8(2)(a)(i) of the Utah Code, and he received a suspended sentence of 365 days of incarceration for this offense. Based on this conviction, the DHS charged him with removability under section

---

[1]  The respondent's motion to accept a supplemental appellate brief is granted.

[2]  In the notice to appear, the DHS alleged that the respondent is a native and citizen of the former Soviet Union. We take administrative notice that the Soviet Union no longer exists. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (2020) (providing that we may take administrative notice of "commonly known facts"). However, the Immigration Judge terminated removal proceedings before determining the respondent's country of citizenship, and, in light of our disposition, we need not reach this issue.

237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2018), as an alien convicted of violating a law relating to a controlled substance.

The Immigration Judge terminated the respondent's removal proceedings after concluding that the DHS had not established that his Utah offense was a predicate for his removal under section 237(a)(2)(B)(i) of the Act. On appeal, the DHS challenges the Immigration Judge's conclusion and argues that the respondent's Utah drug conviction is one for a violation of a law relating to a controlled substance under the Act.[3] Whether the respondent's State conviction renders him removable is a question of law, which we review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2020).

## II. ANALYSIS

Section 237(a)(2)(B)(i) of the Act renders the respondent removable if he has been convicted of a "violation of . . . any law or regulation of a State . . . relating to a controlled substance," as defined in the Federal Controlled Substances Act ("CSA"). To determine whether the respondent's Utah drug offense renders him removable under this provision, we employ the "categorical approach" to determine whether the elements of his Utah offense match those of the "generic" Federal definition set forth at section 237(a)(2)(B)(i). *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). To categorically fit within this generic definition, the respondent's conviction must have necessarily involved, as an element, a substance listed under the CSA. *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1991 (2015); *Matter of P-B-B-*, 28 I&N Dec. 43, 45–46 (BIA 2020).

However, if the respondent's State statute of conviction is categorically overbroad, we must consider whether it is divisible—that is, whether it "sets out one or more elements of the offense in the alternative." *Descamps v. United States*, 570 U.S. 254, 257 (2013); *see also Johnson v. Barr*, 967 F.3d 1103, 1107 (10th Cir. 2020). If the statute is divisible, we may employ a modified categorical approach, which permits us to examine the respondent's record of conviction to determine "what crime, with what elements, [he] was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *see also Johnson*, 967 F.3d at 1107.

---

[3] We disagree with the respondent's contention that the DHS waived its appellate arguments regarding his removability under section 237(a)(2)(B)(i) by not raising these arguments before the Immigration Judge. The DHS charged him with being removable under this provision and submitted evidence in support of this charge. It properly challenges on appeal the Immigration Judge's determination that the respondent's Utah offense does not render him removable under section 237(a)(2)(B)(i) of the Act.

At the time of the respondent's conviction, section 58-37-8(2)(a) of the Utah Code provided, in relevant part, that

> It is unlawful:
>    (i)  for any person knowingly and intentionally to possess or use a controlled substance analog or a controlled substance . . . .

Sections 58-37-8(2)(b) and (d), in turn, provided that

> (b)  Any person convicted of violating Subsection (2)(a)(i) with respect to:
>    (i)   marijuana, if the amount is 100 pounds or more, is guilty of a second degree felony; or
>    (ii)  *a substance classified in Schedule I or II*, *or a controlled substance analog*, *is guilty of a class A misdemeanor on a first or second conviction*, and on a third or subsequent conviction is guilty of a third degree felony.
>    . . . .
>    (d)  Any person who violates Subsection (2)(a)(i) with respect to all other controlled substances not included in Subsection (2)(b)(i) or (ii), including a substance listed in Section 58-37-4.2, or marijuana, is guilty of a class B misdemeanor. . . .

(Emphasis added.) Because the respondent was convicted of a class A misdemeanor, the Immigration Judge found that he was convicted of possessing a schedule I or II controlled substance, or analog, under section 58-37-8(2)(b)(ii).

It is undisputed that the respondent's conviction for a class A misdemeanor under sections 58-37-8(2)(a)(i) and (b)(ii) of the Utah Code does not categorically fit within the definition of a controlled substance violation under section 237(a)(2)(B)(i) of the Act because, at all relevant times, schedules I and II of the Utah controlled substances schedules criminalized the possession of substances that are not included in the CSA. *See Johnson*, 967 F.3d at 1106–07; *Matter of P-B-B-*, 28 I&N Dec. at 46. It is additionally undisputed that the statute of conviction is divisible, in part, because sections 58-37-8(2)(b) and (d) of the Utah Code, the relevant penalty provisions of the statute, mete out different punishments for violating section 58-37-8(2)(a)(i), depending on the circumstances underlying a particular violation. *See Mathis*, 136 S. Ct. at 2256 ("If statutory alternatives carry different punishments, then . . . they must be elements."); *Matter of P-B-B-*, 28 I&N Dec. at 47.

However, the parties disagree as to whether the Utah statute is divisible with respect to the identity of the particular controlled substance possessed in a violation of section 58-37-8(2)(a)(i). In other words, the issue in this case is whether the identity of the specific controlled substance involved in a violation of that provision is an "element" of that offense or merely an alternative "means" of committing the crime. *Mathis*, 136 S. Ct. at 2253

(distinguishing between statutory "elements" and the "alternative means of fulfilling" one or more of those elements).

"Elements 'are the constituent parts of a crime's legal definition' that 'the prosecution must prove' and 'what the jury must find beyond a reasonable doubt to convict the defendant.'" *Johnson*, 967 F.3d at 1107 (quoting *Mathis*, 136 S. Ct. at 2248). "Means," by contrast, merely describe the various ways by which a defendant may "satisfy[] a single element." *Id.* (quoting *Mathis*, 136 S. Ct. at 2249, 2251).

The Immigration Judge found, and the respondent argues, that to establish a class A misdemeanor conviction under sections 58-37-8(2)(a)(i) and (b)(ii), the prosecution must prove only, and a jury need only find, that a defendant possessed *a* "controlled substance" under "Schedule I or II" of Utah's controlled substances schedules, or "a controlled substance analog" under these schedules—regardless of the specific substance possessed. In the Immigration Judge's view, these alternative *schedules* are alternative elements that render the statute divisible, but the identity of the specific substance listed under these schedules is merely an alternative "means" of satisfying these elements.

At the time of the respondent's conviction, schedule I of Utah's controlled substances schedules listed the substance etizolam, but the CSA did not. *Compare* Utah Code Ann. § 58-37-4(2)(a)(i)(FF) (West 2019), *with* 21 C.F.R. § 1308.11 (2019). Accordingly, the Immigration Judge found that the respondent's Utah statute of conviction was overbroad and, because it was indivisible with respect to the identity of the specific substance underlying his offense, his conviction under this statute did not render him removable under section 237(a)(2)(B)(i) of the Act.

In support of her conclusion, the Immigration Judge cited *Arellano v. Barr*, 784 F. App'x 609 (10th Cir. 2019). In that unpublished case, the court held that an alien's conviction for possession of a controlled substance listed in schedule V of Colorado's controlled substances schedules was a conviction for an offense relating to a controlled substance under section 212(a)(2)(A)(i)(II) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2018). [4] Because the alien's statute of conviction provided different punishments depending on what schedule the drug possessed was listed in, the court concluded that the five alternative schedules under Colorado law were alternative elements that rendered the statute divisible. *See id.* at 613 (concluding that "the schedule the substance is listed in—not the substance itself—ultimately drives a court's determination of . . . the appropriate punishment. In other words, the schedule is the element the jury necessarily has to find . . . ."). Nevertheless, since all of the substances listed in

---

[4] For our purposes, sections 212(a)(2)(A)(i)(II) and 237(a)(2)(B)(i) of the Act are materially identical. *See Matter of Voss*, 28 I&N Dec. 107, 108 n.3 (BIA 2020).

schedule V of Colorado's controlled substances schedules were listed under the CSA, the court concluded that the alien's offense was a controlled substance violation under the Act.

After the Immigration Judge rendered her decision, the United States Court of Appeals for the Tenth Circuit, in whose jurisdiction this case arises, favorably cited *Arellano* in a precedential decision. *See Johnson*, 967 F.3d at 1109 (finding *Arellano* to be persuasive authority). In that decision, the court concluded that an alien's conviction for possession of a schedule II controlled substance under a separate Colorado drug statute was not a conviction for a controlled substance violation under section 237(a)(2)(B)(i) of the Act. The court reached this conclusion after analyzing the text of the Colorado statute as well as relevant State jury instructions and case law and determined that "the *schedule* of the controlled substance is an element, while the specific identity of the 'substance listed in schedule . . . II' is a 'means' to satisfy that element." *Id.* at 1108; *see also id.* at 1107–10. Because schedule II of Colorado's controlled substances schedules listed a controlled substance that was not listed in the CSA, the court held that the alien's conviction was not a predicate for his removal.

Here, we reach a different conclusion than the Immigration Judge. We acknowledge the above case law from the Tenth Circuit interpreting Colorado drug laws. However, after reviewing the language of section 58-37-8(2)(a)(i) of the Utah Code, relevant Utah jury instructions and case law, as well as the respondent's record of conviction, we conclude that the identity of the specific controlled substance underlying a violation of section 58-37-8(2)(a)(i) is an "element" of that statute, rather than a mere "means" of violating it. *See id.* at 1107–10 (looking to these resources in determining the elements of a statute); *Matter of P-B-B-*, 28 I&N Dec. at 47–49 (examining these same resources and the alien's record of conviction in discerning the elements of a statute).

## A. Statutory Language

The plain language of section 58-37-8(2)(a)(i) of the Utah Code metes out different punishments depending on the circumstances underlying a violation, including the identity of the controlled substance possessed. *See State v. Robinson*, 254 P.3d 183, 189–90 (Utah 2011) (concluding that the Utah Legislature intended to impose different penalties for violations of section 58-37-8, depending on the type of controlled substance involved).

For example, an individual convicted of possessing marijuana, a schedule I controlled substance under Utah law,[5] may receive different

---

[5]  *See* Utah Code Ann. § 58-37-4(2)(a)(iii)(S) (defining marijuana as a schedule I controlled substance).

punishments under this statute, depending on the amount of marijuana possessed and the individual's prior criminal history.  If that individual had been convicted of possessing 100 pounds or more of marijuana, his conviction would be treated as a second degree felony under section 58-37-8(2)(b)(i) of the Utah Code.  However, if this individual was convicted of possessing less than that amount of marijuana, and it was his third or subsequent offense, his conviction would be treated as a third degree felony.  *See* Utah Code Ann. § 58-37-8(2)(b)(ii).  But if it was only his first or second conviction, it would be treated as a class A misdemeanor.  *See id.*; *cf. State v. Martinez-Castellanos*, 440 P.3d 896, 905–06 (Utah Ct. App. 2019) (vacating a third degree felony sentence for possession of hydrocodone under section 58-37-8 and remanding for resentencing the offense as a class A misdemeanor under section 58-37-8(2)(b)(ii)).  Separately, we also note that, under section 58-37-8(2)(d) of the Utah Code, a person is guilty of a class B misdemeanor if he possessed any other controlled substance not included under subsections (2)(b)(i) or (ii), including a substance listed in section 58-37-4.2 (which, at the time of the respondent's conviction listed 78 different substances), or marijuana.

Thus, the plain language of section 58-37-8 reflects that penalties for drug offenses under this statute are not based simply on the schedule of the controlled substance involved in an offense.  Rather, Utah must prove, and a jury must make findings regarding, a defendant's criminal history and the identity and the amount of the controlled substance possessed to determine whether he was convicted of a second degree felony, third degree felony, a class A misdemeanor, or a class B misdemeanor.  We therefore conclude that an element of section 58-37-8 is the identity of the specific controlled substance involved in a violation of that statute.  *See Mathis*, 136 S. Ct. at 2256.

## B.  Jury Instructions

In addition to the statutory language, we rely on relevant Utah jury instructions to determine whether the statute is divisible with respect to the identity of the controlled substance involved in the respondent's offense.  *See id.* at 2249 (providing that we may look to jury instructions to determine the elements of a statute).  The jury instructions for the respondent's statute of conviction indicate that the specific substance involved is an element of the offense.  These instructions provide, in relevant part:

> (DEFENDANT'S NAME) is charged [in Count ___] with committing Possession of a Controlled Substance [on or about (DATE)].  You cannot convict [him] [her] of this offense unless, based on the evidence, you find beyond a reasonable doubt each of the following elements:

    1. (DEFENDANT'S NAME);
    2. Intentionally and knowingly;
    3. Possessed (*NAME OF CONTROLLED SUBSTANCE/COUNTERFEIT SUBSTANCE*), a schedule [I] [II] [III] [IV] [V] [controlled substance] [counterfeit substance] [; and]
    4. [The defense of _____ does not apply].

Model Utah Jury Instructions, Second Edition, CR1203 (emphasis added).

In *State v. Mackin*, No. 061401021, 2008 WL 4411683, at Instruction 4 (Utah Dist. Ct. 2008) (Jury Instruction), a Utah District Court replaced the phrase "NAME OF CONTROLLED SUBTANCE/COUTERFEIT SUBSTANCE" in these instructions with the name of the specific substance underlying the charge—namely, "Methamphetamine, a Schedule II controlled substance"—and identified this specific substance as one of the "essential elements" that the jury had to "find beyond a reasonable doubt."[6] *Cf. State v. Nelson*, 253 P.3d 1094, 1095 (Utah Ct. App. 2011) (specifying in jury instructions relating to a charge of possession with intent to distribute that the underlying substance was "Cocaine, a Schedule II controlled substance"). Because these instructions require a jury to find the specific substance underlying a violation of section 58-37-8(2)(a)(i) beyond a reasonable doubt, they differ from the jury instructions for the Colorado statute at issue in *Johnson*, 967 F.3d at 1109, which required only that the jury find "(1) [t]hat the defendant, (2) in the State of Colorado, at or about the date and place charged, (3) knowingly, (4) possessed *a* controlled substance."

## C. Utah Case Law

Although we have found no Utah court opinion that directly answers whether the identity of a particular controlled substance is an element or a means, we find it significant that Utah "has prosecuted as separate offenses a single act" involving the possession of "multiple controlled substances." *Matter of Gonzalez Lemus*, 27 I&N Dec. 612, 614 (BIA 2019). In *State*

---

[6] The jury instructions in *Mackin* indicate that the jury may be instructed a second time about the identity and schedule of the controlled substance possessed *after* they have found all of the elements of the crime of possession of a controlled substance. *See Mackin*, 2008 WL 4411683, at Instruction 6 (reiterating under a subsequent instruction that "Methamphetamine is a Schedule II controlled substance"). However, this additional instruction does not detract from the fact that a jury must find beyond a reasonable doubt the identity of the specific drug possessed, and its schedule, in order to sustain a conviction under section 58-37-8(2)(a)(i). We are therefore not persuaded by the respondent's argument that this additional instruction renders the identity of the substance possessed a mere "means" of violating the statute, rather than an "element" of the crime.

*v. Karren*, 438 P.3d 18, 19–21 (Utah Ct. App. 2018), the Utah Court of Appeals upheld a defendant's conviction for two counts of possession of a controlled substance under section 58-37-8(2)(a)(i) where he was arrested after methamphetamine and marijuana were discovered in his backpack. Similarly, in *State v. Ashcraft*, 349 P.3d 664, 667 (Utah 2015), the Supreme Court of Utah upheld a conviction for six counts of possession with intent to distribute, where each count related to a separate controlled substance.[7]

These cases indicate that "'the *elements* of proof required as to' an offense involving one drug 'are not the same as those essential' to proving an offense involving a different drug." *Matter of P-B-B-*, 28 I&N Dec. at 48 (quoting *Matter of Gonzalez Lemus*, 27 I&N Dec. at 614–15). The respondent has not explained how, given the prohibition against double jeopardy, a defendant could be convicted of multiple counts of possession of a controlled substance where the defendant committed a single act of possession involving separate substances, if the identity of the specific controlled substance possessed was simply an alternative means of committing the offense, rather than an element of section 58-37-8(2)(a)(i). *See id.* at 48–49.

## D. Record of Conviction

Finally, under *Mathis*, 136 S. Ct. at 2256–57, we may "peek" at the respondent's record of conviction "for the sole and limited purpose of determining whether [the specific controlled substance is an] element[] of the offense." The respondent's criminal information charged him with violating section 58-37-8(2)(a)(i) for "knowingly and intentionally possess[ing] or us[ing] a controlled substance analog or a controlled substance, to-wit: methamphetamine, a Schedule II controlled substance."[8] The fact that the indictment "referenc[es] one alternative [controlled substance] to the exclusion of all others," supports our conclusion that the identity of the controlled substance is an element of section 58-37-8(2)(a)(i). *Id.* at 2257 (stating that "an indictment . . . could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime"); *see also Matter of P-B-B-*, 28 I&N Dec. at 49–50. The respondent's guilty plea likewise states that one of the "specific elements" of his offense was that he

---

[7]   Although *Ashcraft* dealt with a different controlled substance provision, namely, section 58-37-8(1)(a)(iii) of the Utah Code, we find it instructive because, like the respondent's statute of conviction, section 58-37-8(1) metes out different punishments depending on, among other things, a defendant's criminal history and the identity of the controlled substance possessed with the intent to distribute. *See* Utah Code Ann. § 58-37-8(1)(b).

[8]   We may take administrative notice of the contents of the respondent's record of conviction. *See, e.g.*, *Matter of P-B-B-*, 28 I&N Dec. at 49 n.8.

"possessed methamphetamine." *See Mathis*, 136 S. Ct. at 2249, 2258 (providing that we may rely on a plea agreement to determine a statute's elements). Accordingly, the respondent's record of conviction, specifically the relevant criminal information and guilty plea, reflects that the identity of the specific controlled substance possessed in violation of section 58-37-8(2)(a)(i) is an element of that crime.

## III. CONCLUSION

The statute is therefore divisible with respect to the identity of the specific controlled substance the respondent possessed, and we may apply the modified categorical approach. *See Matter of P-B-B-*, 28 I&N Dec. at 50. As noted, the respondent's record of conviction establishes that he was convicted of possessing methamphetamine, a federally controlled substance under 21 U.S.C. § 812, schedule III(a)(3) (2018). Thus, the respondent's conviction for possession of a controlled substance under section 58-37-8(2)(a)(i) renders him removable as charged under section 237(a)(2)(B)(i) of the Act. The Immigration Judge therefore erred when she terminated his removal proceedings. Accordingly, the DHS's appeal is sustained, the removal proceedings are reinstated, and the record is remanded to give the respondent an opportunity to apply for any relief for which he may be eligible.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.